{¶ 47} I concur in the majority's analysis and disposition of appellant's first assignment of error. However, I respectfully dissent from the majority's analysis and disposition of appellant's second assignment of error.
 {¶ 48} Therein, appellant asserts the trial court failed to make the requisite findings to impose consecutive sentences pursuant to R.C. 2929.14(B)(4). Appellant further notes, "While the trial court gave reasons for not ordering community control,and why more serious (longest) time was given, no findings or reasons were stated in regard to the consecutive sentences." (Appellant's Brief at 7, emphasis in original). Appellee responds the trial court did make the requisite findings and stated its reasons for imposing consecutive sentences, referencing page 4 of the transcript. According to appellee, "Although the court's reasoning was not stated in direct correlation with the imposition of consecutive sentences, the Court listed the reasons in [sic] earlier in the hearing . . . The Trial Judge stated `the shortest prison term would demean the seriousness of the Defendant's conduct' and `the shortest prison term would not adequately protect the public from future crimes.'" (Appellee's Brief at 6). Appellee concedes the trial court did not directly state its reasoning while imposing consecutive sentences. Id. at 7.
 {¶ 49} The majority finds the trial court made the requisite findings to support consecutive sentences, but fails to identify where in the transcript of the sentencing hearing such findings were made. Upon my review of that portion of the transcript to which appellee directs us (Tr. at 4), I find nothing indicating the requisite findings were made. Unlike the majority, upon my review of the entire sentencing hearing, I find the requisite findings for consecutive sentences were not made.
 {¶ 50} Furthermore, while I concur the trial court's stated reasons, could support imposition of consecutive sentences, the trial court's stated reasons were given to explain why the shortest term was not being given on the underlying offenses. There is a distinct, quantitative difference between finding the shortest prison term for a particular offense(s) will not adequately protect the public versus a finding consecutive sentences are necessary to protect the public. Because the trial court failed to make the necessary finding with regard to consecutive sentences, I would reverse that portion of the trial court's sentence and remand the matter for resentencing.
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Delaware County Court of Common Pleas, Delaware County, Ohio, is affirmed. Costs assessed to Appellant.